# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **UDELE RODRIGUEZ,** ) | Case No. 1:08 GD 50327 |
| ) | S.D. Tex. Case No. 2:08-CV-00199 |
| Plaintiff, ) | |
| ) | Judge Dan Aaron Polster |
| vs. ) | |
| ) | |
| **TYCO HEALTHCARE GROUP, LP,** ) | **MEMORANDUM OF OPINION** |
| **et al.,** ) | **and** |
| ) | **ORDER OF REMAND** |
| Defendant. ) | |
| ) | |

Pending before the Court is the Motion to Remand and Plaintiff's Motion for Assessment of Costs and Attorney Fees, filed by Plaintiff Udele Rodriguez on July 2, 2008 (as applicable, the "Motion to Remand" or the "Motion for Costs"). **(ECF No. 11.)** The removing Defendants Mallinckrodt, Inc. ("Mallinckrodt"), Tyco Healthcare Group LP ("Tyco"), and Covidien Inc. ("Covidien") (as distinguished from the non-removing Defendant Radiology & Imaging of South Texas, LLP ("Radiology")) filed a memorandum in opposition to the Motion to Remand (ECF No. 21), to which Rodriguez and Radiology filed reply memoranda (respectively, ECF Nos. 27 and 29). For the following reasons, the Motion is **GRANTED** in part and **DENIED** in part. Specifically, the Motion to Remand is **GRANTED** and the Motion for Costs is **DENIED**.

## I. BACKGROUND

This case is one of myriad cases pending before the Court as a result of transfer pursuant to the multi-district litigation entitled *In re: Gadolinium-Based Contrast Agents Products Liability Litigation*, MDL No. 1909, Case No. 1:08-GD-50000. Gadolinium-based contrast agents ("GBCAs") are used to provide the contrast in magnetic resonance scans (otherwise known as MRIs or MRAs). The plaintiffs in these MDL cases are generally individuals (or estates of deceased individuals) who developed a disease known as Nephrogenic Systemic Fibrosis ("NSF") following the administration of GBCAs manufactured and/or sold by one or more of the named defendants in these cases.

In this particular case, Udele Rodriguez (a Texas citizen) is a 26 year old female who alleges that she contracted NSF following at least four different injections of the GBCA called OptiMARK, which is manufactured by Defendants Mallinckrodt, Tyco and Covidien (the "Pharmaceutical Defendants") and was administered by Radiology. On May 14, 2008, Rodriguez filed this case in County Court of Nueces County, Texas, alleging various product liability claims against the Pharmaceutical Defendants. The complaint also contains claims for medical negligence and failure to obtain informed consent against Defendant Radiology (a Texas citizen).

On June 29, 2008, the Pharmaceutical Defendants, without the consent of Radiology, removed the case to federal court based on diversity jurisdiction. Despite the obvious lack of diversity on the face of the complaint (i.e., Rodriguez and Radiology both being citizens of Texas), the Pharmaceutical Defendants asserted that diversity of citizenship existed nonetheless because Radiology was either fraudulently joined or misjoined. The Pharmaceutical

-2-

Defendants' position rests on two different contentions.  First, a defendant is fraudulently joined when the plaintiff cannot establish a cause of action against the non-diverse party in state court. (Notice of Removal ¶ 11 (citing *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003).)  Rodriguez cannot state a claim against Radiology because her assertion that the Pharmaceutical Defendants failed to advise Radiology of the harmful effects of OptiMARK is incompatible with her assertion that Radiology knew or should have known that OptiMARK was harmful and concealed that knowledge from her.  (Id. ¶ 15 (citing *In re Baycol Prods. Litig.*, No. MDL 1431 (MJD) 02-4835, 2003 WL 21223842, at *2 (D. Minn. May 27, 2003).)  Second, the Pharmaceutical Defendants argue that Rodriguez "misjoined" the claims against Radiology with the product liability claims against the Pharmaceutical Defendants – and they ask the Court to sever and remand the claims against Radiology to effectuate diversity jurisdiction and thwart remand of the entire case.  (Notice of Removal ¶¶ 18-26.)  Apparently, the Pharmaceutical Defendants did not bother to obtain the required consent of Radiology before removing the case because of their position that it is fraudulently joined or misjoined.

## II.

Removal of a state court action under 28 U.S.C. § 1441 is proper only if the action could have originally been filed in federal court.  *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914 (6th Cir. 2007) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).  Federal court has original jurisdiction of all civil actions where the matter in controversy exceeds $ 75,000 and is between citizens of different states.  28 U.S.C. § 1332(a)(1).  Diversity jurisdiction requires complete diversity – the citizenship of each plaintiff must be diverse from the citizenship of each defendant.  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68

(1996); *Coyne ex rel. Ohio v. American Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999) (quoting *SHR Ltd. Partnership v. Braun*, 888 F.2d 455, 456 (6th Cir. 1989)). Title 28, U.S.C. § 1447(c) provides that a case removed from state court should be remanded if it appears that it was removed improvidently. The removing party carries the burden of establishing diversity jurisdiction. *Coyne*, 183 F.3d at 493 (citing *Certain Interested Underwriters at Lloyd's London, England v. Layne*, 26 F.3d 39, 41 (6th Cir. 1994)). In order for a notice of removal to be properly before the court, the "rule of unanimity" requires that all defendants who have been served or otherwise properly joined in the action must either join in the removal, or file a written consent to the removal. *Harper v. AutoAlliance Intern., Inc.*, 392 F.3d 195, 201 (6th Cir. 2004). Most importantly, the removal statutes are to be strictly construed. *Alexander*, 13 F.3d at 949 (citing *Wilson v. U.S. Dep't. of Agric.*, 584 F.2d 137, 142 (6th Cir. 1978)).

### A.

As a preliminary matter, the Court **REMANDS** this case to the County Court of Nueces County, Texas because the Pharmaceutical Defendants did not obtain the consent of all Defendants before removal. *Harper*, 392 F.3d at 201. The Pharmaceutical Defendants did not state whether Radiology had been served at the time of removal and they cannot show that Radiology was not properly joined for the reasons set forth below. Accordingly, the removal was defective.

### B.

The Court recently issued a decision declining to apply the doctrine of (fraudulent) misjoinder previously proposed by Mallinckrodt in a sister MDL case and first articulated in *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), abrogated

on other grounds by *Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir. 2000). *See Geffen v. Gen. Elec. Co., et al.*, No. 1:08 GD 50212, ECF No. 58 at 5-13 (N.D. Ohio Feb. 19, 2008) (Polster, D.J.). For the same reasons set forth at length in *Geffen*, the Court declines to apply that doctrine here.

The Court also rejects the Pharmaceutical Defendants' argument that Radiology was fraudulently joined. The Pharmaceutical Defendants argue that Radiology was fraudulently joined because there is no reasonable possibility that Rodriguez can recover against Radiology. This position is premised upon the Pharmaceutical Defendants contention that Rodriguez' assertions that the Pharmaceutical Defendants' knowledge, and failure to warn prescribing entities like Radiology, of the danger of injecting OptiMARK into patients with renal problems is incompatible with Rodriguez' claims against Radiology for medical negligence and failure to obtain Rodriguez' informed consent. In support of this argument, the Pharmaceutical Defendants cite *Jones v. Am. Home Prods. Corp.*, 344 F.Supp.2d 500, 506 (E.D. Tex. 2004). That case is distinguishable.

*Jones* involved the use of the preservative Thimerosal in vaccines administered to children; it was brought on behalf of the citizens of Texas against the manufacturers of Thimerosal as well as three healthcare providers. With respect to the claims against the healthcare providers, the district court first noted that Texas had recently enacted a statute that prohibited liability against healthcare providers for damages arising from an immunization administered to a child, except for injuries resulting from the provider's own acts of negligence. *Id*. at 502 (citing Tex. Fam. Code Ann. § 32.103(b)(Vernon 2002)). The court then discussed another recent Texas statute that generally limited the types of negligence for which a plaintiff

may recover against healthcare providers.  *Id*. at 502-03 (citing Tex. Rev. Civ. Stat. Ann. art. 4590i § 1.03(a)(3) (Vernon Supp. 2003)).  Specifically, the court explained that, in a suit against a healthcare provider involving a claim based on the failure of the provider to disclose the risk involved in a medical procedure, the only theory upon which recovery may be had is that of negligence in failing to disclose the risks or hazards that could have influenced a reasonable person in making a decision to give or withhold consent.  *Id*. at 503 (citing Tex. Rev. Civ. Stat. Ann. art. 4590i, § 6.02)).  "[U]nder Texas law, it is not enough in a health liability case to show that there was some risk, however small, and that a defendant failed to warn of it."  *Id*.  There, the court reviewed every allegation in the complaint and observed that nowhere in the complaint did the plaintiffs "even hint" that the risks were such that they would have influenced a reasonable person in making a decision to give or withhold consent.  *Id*.

Here, Rodriguez asserted in her negligence claim against Radiology that OptiMARK presented "a serious risk of harm to [her], (ECF No. 1-3 ¶ 105), that this information "was, or should have been, known to [Radiology] in light of U.S. Food and Drug Administration warnings and other medical resources" (id.), and that she "would not have purchased, ingested, agreed to be injected with, and/or consumed" the OptiMARK if she had known of the serious risks (id. ¶ 108).  These allegations are not inconsistent with <u>any allegations</u> against the Pharmaceutical Defendants and plainly survive the standard articulated in *Jones*.  Rodriguez also asserted that Radiology failed to advise her of the "untoward consequences, risks of harm and hazards" associated with the injection of OptiMARK, thereby depriving her of the ability to give informed consent to its use.  (Id. ¶ 112.)  These allegations survive the *Jones* threshold as well.

Because the Pharmaceutical Defendants cannot show that there is no reasonable possibility that Rodriguez can recover against Radiology, they have failed to show that Radiology was fraudulently joined.  Accordingly, assuming for the moment that removal was not defective, the Court would also **GRANT** the Motion for Remand on the merits.

### C.

Finally, Rodriguez seeks costs and attorney fees incurred in briefing the Motion for Remand.  For the same reasons discussed at length in *Geffen*, the Court finds that no "unusual circumstances" exist to justify an award of costs and attorney fees in this case.  *See Geffen*, No. 1:08 GD 50212, ECF No. 58 at 12-14 (citing *Martin v. Franklin Capital Corp*., 546 U.S. 132, 134-36 (2005)).  Accordingly, the Court **DENIES** the Motion for Costs.

### III.

To conclude, the Court **GRANTS** in part and **DENIES** in part the Motion to Remand and Plaintiff's Motion for Assessment of Costs and Attorney Fees **(ECF No. 11)**. The Motion to Remand is **GRANTED** because removal of the case to federal court was defective and, in any event, the removing Defendants cannot show that Radiology was fraudulently joined or misjoined.  Because diversity is not complete, the Court lacks subject matter jurisdiction over the case which must, therefore, be remanded.  The Motion for Costs is **DENIED**.  The Clerk of Court is hereby directed to **REMAND** this case in full to the County Court of Nueces County, Texas.

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster     October 21, 2008*
**Dan Aaron Polster**
**United States District Judge**